**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

| | | |
|---|---|---|
| IN RE: | ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | MDL No. 2327 |

THIS DOCUMENT RELATES TO:

*Crable-Browning v. Ethicon, Inc., et al.*                    Civil Action No. 2:15-cv-05267

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a Motion to Dismiss with Prejudice filed by Ethicon, Inc., and Johnson & Johnson (collectively "Ethicon"). [ECF No. 10]. Plaintiff has responded, Ethicon has replied, and I have considered the parties' filings. For the reasons stated below, Ethicon's Motion to Dismiss with Prejudice is **DENIED**.

**I.     Background**

Ethicon's Motion arises from this court's Order [ECF No. 9], entered on October 13, 2015, denying Ethicon's Motion for Sanctions, including monetary penalties, dismissal, and any other sanction deemed appropriate by the court, for failure to file a Plaintiff Profile Form ("PPF") in compliance with Pretrial Order # 17.  In reaching this decision, I relied on *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494 (4th Cir. 1977), in which the Fourth Circuit identified four factors that a court must consider when reviewing a motion to dismiss on the basis of noncompliance with discovery. (*See* Order [ECF No. 9], at 4–6 (applying the *Wilson* factors to Ms. Crable-Browning's case)).[1]  Concluding that the first three factors weighed in favor of sanctions as requested by

---

[1] The *Wilson* factors are as follows:

> (1) Whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality

Ethicon, I nevertheless declined to award the requested sanction of $100 for each day the plaintiff's PPF was late because it would offend the court's duty under *Wilson's* fourth factor, which is to consider the effectiveness of lesser sanctions. In recognition of this duty, I gave the plaintiff "a final chance to comply with discovery." (*Id.* at 6). I afforded her 30 business days from the entry of the Order to submit to Ethicon a completed PPF, with the caveat that a failure to do so "will result in dismissal with prejudice upon motion by the defendant." (*Id.* at 7).

Both parties agree that 30 business days from the initial order would be Wednesday, November 25, 2015. [ECF Nos. 12 and 13]. The parties do, however, dispute the deadline provided in the court's order. The plaintiff asserts the final deadline for the plaintiff to file her PPF was Wednesday, December 2, 2015 because Federal Rule of Civil Procedure 6(d) applies, affording her three additional business days to comply. ([ECF No. 12], at 3-4). The plaintiff contends that the three additional days should be counted in business days because the court ordered 30-day deadline was counted in business days and because the rule uses the term "days" rather than "calendar days." (*Id.*). The defendants argue that the three additional days include intermediate Saturdays, Sundays, and holidays, so the final day for compliance was November 30, 2015. ([ECF No. 13], at 2). As the plaintiff provided her PPF after November 30, 2015, the defendants argues that the PPF was late. (*Id.*) The court agrees with the defendants' interpretation.

## II.     Legal Standard

Federal Rule of Civil Procedure 6(a)(1) explains that when a period is stated in days every day should count, "including intermediate Saturdays, Sundays, and legal holidays" and this rule

---

of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson*, 561 F.2d at 503–06).

2

applies to "any statute that does not specify a method of computing time." As Rule 6 clearly states which days to count, the court finds any argument that the three additional days provided in Rule 6(d) includes only business days is without merit. Federal Rule of Civil Procedure 6(a)(1)(c) does state that if the last day is a Saturday, Sunday or legal holiday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Since the third day fell on the weekend, the plaintiff had until the end of day Monday, November 30, 2015 to file the PPF. Thus, by filing the form on Tuesday, December 1, 2015, one day late, the plaintiff missed a second deadline related to a court order to provide a PPF.

Federal Rule of Civil Procedure 37(b)(2) provides that a court may issue "just orders" when a party fails to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A). In the MDL world, this authority is particularly significant. An MDL judge bears the "enormous" task of "mov[ing] thousands of cases toward resolution on the merits while at the same time respecting their individuality," and to carry out this task in a smooth and efficient manner, the judge must establish and, more importantly, enforce rules for discovery. *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006). Rule 37(b)(2) supplies the tool for this enforcement, allowing a judge to impose sanctions when a party fails to comply with the court's discovery orders. *See id.* at 1232 ("[A] willingness to resort to sanctions, sua sponte if necessary, may ensure compliance with the [discovery] management program." (internal citation omitted)); *see also Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administrate the litigation effectively.").

### III. Discussion

The first three of the previously mentioned *Wilson* factors demonstrate that this court is justified in sanctioning the plaintiff. The fourth of the *Wilson* factors, which is to consider the

effectiveness of lesser sanctions, however, assists the plaintiff. The plaintiff's response suggests that the true problem was plaintiff's attorney's failure to understand the Federal Rules of Civil Procedure. A dismissal would impact the plaintiff the most, when she apparently provided her attorneys with the information for the PPF. Further, since the plaintiff's attorneys had clearly already begun the process of collecting information for the PPF before the defendants filed their motion, and the PPF was provided shortly after the deadline, the court finds lesser sanctions than the requested dismissal with prejudice would be most effective.

The circumstances of this case lead me to impose the sanction provided in Rule 37(b)(2)(C), which requires the disobeying party to pay "the reasonable expenses, including attorney's fees, caused by the [discovery] failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The plaintiff's attorney has provided a creative explanation for the tardiness, but has not provided substantial justification for the failure to timely submit to discovery. Furthermore, there are no circumstances that make this sanction unjust. Although the discovery violation has since been cured, it nevertheless resulted in litigation expenses for Ethicon. Applying Rule 37(b)(2)(C) ensures that the disobeying party, rather than the innocent party, bears those costs.

Specifically, to bring this Motion for Sanctions, Ethicon expended time and money identifying Ms. Crable-Browning as one of the non-compliant plaintiffs; assessing the effect of her discovery violations; drafting two separate motions for sanctions; serving those motions; and replying to the plaintiff's briefs in opposition. All knowledgeable MDL counsel would consider these efforts, which could have been avoided had the plaintiff followed the court's original order, to be worth at least $1000. Based on my understanding of the economic and administrative realities of multidistrict litigation, I conclude that a minimal valuation of Ethicon's expenses is $1000.

The court expects that counsel will be more diligent in the future and that such circumstances will not again present themselves. This court has been forced to expend its limited resources responding directly to this case. The court directs its time and resources to noncompliant plaintiffs at the expense of other plaintiffs in this MDL. This court will continue to impose monetary sanctions and/or dismiss cases when plaintiffs and their attorneys disregard this court's orders.

IV. Conclusion

It is therefore **ORDERED** that the plaintiff has **30 business days** from the entry of this Order to pay Ethicon **$1000** as minimal partial compensation for the reasonable expenses caused by the plaintiff's failure to comply with discovery.[2] In the event that the plaintiff does not provide adequate or timely payment, the court will consider ordering a show-cause hearing in Charleston, West Virginia, upon motion by the defendants. Finally, it is **ORDERED** that plaintiff's counsel send a copy of this Order to the plaintiff via certified mail, return receipt requested, and file a copy of the receipt.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 10, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[2] The court directs Ethicon to communicate with plaintiffs' leadership regarding payment instructions.